**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:25-cv-02967-GPG-KAS

SHELLY WHITTAKER, as Parent and Natural Guardian of N.G., a minor,

Plaintiff,

v.

ROBLOX CORPORATION, EPIC GAMES, INC.,
MICROSOFT CORPORATION, and MOJANG A.B.,

Defendants.

---

**DEFENDANT ROBLOX CORPORATION'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

---

# TABLE OF CONTENTS

Page


I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

A. Roblox Has Established an Enforceable Arbitration Agreement ........ 1

1. Roblox Established Assent to the Terms ........ 1

2. Plaintiff Fails to Present Evidence Rebutting the Agreement ........ 3

B. Plaintiff and Their Responsible Adult Agreed to Arbitrate ........ 5

C. Plaintiff's Responsible Adult's Agreement Binds Plaintiff ........ 6

D. Equitable Estoppel Independently Compels Arbitration ........ 8

E. Plaintiff's Remaining Arguments Are Delegated and Fail on the Merits ........ 9

1. Plaintiff Cannot Avoid Arbitration Through Disaffirmation ........ 9

2. Plaintiff's Unconscionability Challenge Fails ........ 10

III. CONCLUSION ........ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beattie v. TTEC Healthcare Sols., Inc.*,
No. 1:18-CV-01574-RM-SKC, 2019 WL 2189481 (D. Colo. May 21, 2019)........ 2, 3, 4

*Beltran v. AuPairCare, Inc.*,
907 F.3d 1240 (10th Cir. 2018)........ 10

*Bentley v. Ahc of Colo Springs, LLC*,
2025 U.S. Dist. LEXIS 142059 (D. Colo. July 24, 2025)........ 4

*BigBen 1613, LLC v. Belcaro Grp., Inc.*,
No. 17-CV-00272-PAB-STV, 2018 WL 4257321 (D. Colo. Sept. 6, 2018)........ 2

*Buckeye Check Cashing, Inc. v. Cardegna*,
546 U.S. 440 (2006)........ 6, 7

*Cooper v. Aspen Skiing Co.*,
48 P.3d 1229 (Colo. 2002)........ 7

*Courtright v. Epic Games, Inc.*,
766 F. Supp. 3d 873 (W.D. Mo. 2025)........ 6

*De Ridder v. Roblox Corp.*,
No. 23-CV-04146-VC, 2025 U.S. Dist. LEXIS 257134 (N.D. Cal. Oct. 8, 2025)........ 5

*Doe v. Roblox Corp.*,
602 F. Supp. 3d 1243 (N.D. Cal. 2022)........ 5

*Fedor v. United Healthcare, Inc.*,
976 F.3d 1100 (10th Cir. 2020)........ 9

*Garcia v. Roblox Corp.*,
No. 2:25-CV-03476-WLH-AJR, 2026 WL 413636 (C.D. Cal. Feb. 11, 2026)........ 2, 3

*Glob. Travel Mktg., Inc. v. Shea*,
908 So. 2d 392 (Fla. 2005)........ 8

*Hancock v. Am. Tel. & Tel. Co., Inc.*,
701 F.3d 1248 (10th Cir. 2012)........ 1

*Howard v. Ferrellgas Partners, L.P.*,
748 F.3d 975 (10th Cir. 2014)........................................................................ 3

*Jones v. Dressel*,
40 Colo. App. 459 (1978)................................................................................ 5

*Levine v. Vitamin Cottage Nat. Food Markets, Inc.*,
No. 20-CV-00261-STV, 2021 WL 4439800 (D. Colo. Sept. 27, 2021) ..................... 10

*Mapes v. City Council of City of Walsenburg*,
151 P.3d 574 (Colo. App. 2006) ........................................................................ 7

*McGuire v. CarMax Bus. Servs. LLC*,
No. 1:23-CV-02938-NYW-SBP, 2024 WL 3897073 (D. Colo. Aug. 16, 2024)................................................................................................................ 4

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614 (1985).......................................................................................... 6

*N.A. Rugby Union LLC v. United States Rugby Football Union*,
442 P.3d 859 (Colo. 2019)................................................................................ 8

*Orellana v. Roblox Corp.*,
769 F. Supp. 3d 1273 (M.D. Fla. 2025).............................................................. 6

*Petrie v. GoSmith, Inc.*,
360 F. Supp. 3d 1159 (D. Colo. 2019) ........................................................... 2, 4

*Rent-A-Center, West, Inc. v. Jackson*,
561 U.S. 63 (2010)....................................................................................... 9, 10

*Sandler v. Modernizing Med., Inc.*,
170 F.4th 1209 (9th Cir. 2026).......................................................................... 6

*Smith v. Para Energy Grp., LLC*,
No. 23-CV-01756-PAB-KAS, 2023 WL 8811012 (D. Colo. Dec. 20, 2023)............................................................................................................ 2, 4

*Spahr v. Secco*,
330 F.3d 1266 (10th Cir. 2003).......................................................................... 6

*Tomlin v. Roblox Corp.*,
No. CV 25-4301, 2026 WL 1412606 (E.D. Pa. May 20, 2026)............................. 2, 3

*Viking River Cruises, Inc. v. Moriana*,
596 U.S. 639 (2022)........................................................................................... 7

**Statutes**

C.R.S. § 13-22-107 ........................................................................................................ 7

C.R.S. § 24-71.3-109 ..................................................................................................... 4

C.R.S. § 24-71.3-114 ..................................................................................................... 4

# I. INTRODUCTION

Plaintiff does not dispute the essential facts establishing an enforceable arbitration agreement. Plaintiff admits that they played and continue to play on the Roblox Platform, and does not dispute that users must create an account and agree to the Terms before playing Roblox, purchasing Robux and redeeming gift cards. Instead, Plaintiff rests on technical arguments that find no support in Colorado law, mischaracterizes binding precedent, and seeks to reject the Terms while continuing to enjoy their benefits.

Plaintiff devotes the bulk of their briefing to arguments about N.G.'s capacity, understanding, and disaffirmance. But Colorado law recognizes a child's ability to contract. And Plaintiff's Responsible Adult's agreement also bound Plaintiff as a third-party beneficiary of that agreement. Plaintiff's remaining arguments are likewise without merit or delegated to the arbitrator. The Court should compel arbitration.

# II. ARGUMENT

## A. Roblox Has Established an Enforceable Arbitration Agreement

### 1. Roblox Established Assent to the Terms

Under the summary judgment standard governing this motion, Roblox has established an enforceable arbitration agreement. *See Hancock v. Am. Tel. & Tel. Co., Inc.,* 701 F.3d 1248, 1261 (10th Cir. 2012). As stated in the Jit Declaration, Roblox matched Plaintiff's identifying information to Plaintiff's Account using its ordinary business records. Jit Decl. ¶ 6. Roblox's records show each instance that Plaintiff's Account agreed to the Terms, and Roblox provided evidence of all versions of the Terms to which Plaintiff

agreed in their entirety. *See* Jit Decl. Exs. 3-6.[1] Plaintiff alleges that they played and continue to play Roblox, *see, e.g.*, Compl. ¶ 417, 452, and Plaintiff does not dispute that it is impossible to play Roblox without creating an account and agreeing to the Terms. Jit Decl. ¶ 8. Plaintiff also alleges they purchased Robux and does not dispute that purchasing Robux and redeeming Roblox gift cards require agreement to the Terms. *Id*. ¶¶ 15–28; Compl. ¶ 284.

Courts considering substantially identical allegations against Roblox have compelled arbitration in the face of this type of evidence. *See, e.g., Tomlin v. Roblox Corp.*, No. CV 25-4301, 2026 WL 1412606, at *6 (E.D. Pa. May 20, 2026) (compelling arbitration under Roblox's Terms where allegations established that plaintiff used Roblox Platform, which required acceptance of terms; noting that courts in similar cases "have almost universally compelled arbitration" and collecting cases); *see also Garcia v. Roblox Corp*., No. 2:25-CV-03476-WLH-AJR, 2026 WL 413636 at *3-8 (C.D. Cal. Feb. 11, 2026) (compelling arbitration where plaintiffs' own allegations established account creation and use of platform, and finding online agreement provided reasonably conspicuous notice of

---

[1] Contrary to Plaintiff's contentions, the Jit Declaration is admissible and contains sufficient evidentiary support to compel arbitration. *See* Opp. at 3, n.1. "Where the plaintiff is alleged to have consented to arbitration as part of a standard practice required by the defendant, the declarant need only have personal knowledge of the standard practice." *Smith v. Para Energy Grp., LLC*, No. 23-CV-01756-PAB-KAS, 2023 WL 8811012, at *3 (D. Colo. Dec. 20, 2023). Courts routinely hold that arbitration agreements are properly authenticated when the defendant submits declarations describing the process through which the plaintiff agreed to the arbitration agreement. *Beattie v. TTEC Healthcare Sols., Inc.*, No. 1:18-CV-01574-RM-SKC, 2019 WL 2189481, at *2 (D. Colo. May 21, 2019); *Petrie v. GoSmith, Inc.*, 360 F. Supp. 3d 1159, 1162 (D. Colo. 2019); *BigBen 1613, LLC v. Belcaro Grp., Inc.*, No. 17-CV-00272-PAB-STV, 2018 WL 4257321, at *3 (D. Colo. Sept. 6, 2018).

arbitration clause; rejecting disaffirmation in light of continued use).

### 2. Plaintiff Fails to Present Evidence Rebutting the Agreement

Plaintiff does not dispute any of these facts. Instead, Plaintiff merely rests on the premise that Roblox has not established that Plaintiff or their Responsible Adult used the Account to agree to the Terms. Opp. at 4. This is insufficient to present a genuine issue of material fact sufficient to avoid arbitration.[2] *See Beattie*, 2019 WL 2189481, at *2 ("speculative arguments" insufficient to "raise a genuine dispute" in face of records of plaintiffs' assent to arbitration agreement). Courts have rejected these precise arguments when compelling arbitration under Roblox's Terms. *Tomlin*, 2026 WL 1412606, at *6; *Garcia*, 2026 WL 413636 at *8 n.3 (rejecting these arguments as "intellectually dishonest"). And in any event, Roblox's IP address records confirm the Account belongs to Plaintiff: the data shows access from Colorado Springs from December 2021 through late 2023, then transitioning to Florida—precisely mirroring Plaintiff's own allegation that N.G. lived in Colorado and moved to Florida. Supp. Jit Decl. ¶¶ 9–10, Ex. B; Compl. ¶¶ 11-12.

Plaintiff's generic assertions that they or their Responsible Adults "did not agree or do not recall agreeing" to the Terms fare no better. *See* Opp. at 15. Especially in the face of Roblox's voluminous evidence of assent, "general denials and statements that a user

[2] However, if this Court does determine there is an unresolved issue of material fact, Plaintiff is wrong that "Roblox's Motion should be denied." Opp. at 3. "[W]hen factual disputes may determine whether the parties agreed to arbitrate, the way to resolve them … is by proceeding *summarily* to trial" to resolve any factual issues regarding the formation of an arbitration agreement, as required by the FAA. *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 984 (10th Cir. 2014) (emphasis in original).

does not recall visiting a website or agreeing to arbitrate are insufficient to defeat arbitration." *Petrie*, 360 F. Supp. 3d at 1162; *Beattie*, 2019 WL 2189481, at *2 ("lack of recall" insufficient "to raise a genuine dispute"); *McGuire v. CarMax Bus. Servs. LLC*, No. 1:23-CV-02938-NYW-SBP, 2024 WL 3897073, at *16 (D. Colo. Aug. 16, 2024) (where user could not have enrolled without clicking to accept online agreement, claim that he "never encountered" the arbitration agreement and had "no recollection" of the terms "rais[ed] no genuine dispute").

Plaintiff cites *Smith v. Para Energy Grp., LLC*, 2023 WL 8811012, at *3 (D. Colo. Dec. 20, 2023), and *Bentley v. Ahc of Colo Springs, LLC*, 2025 U.S. Dist. LEXIS 142059 (D. Colo. July 24, 2025), but neither case involved a clickwrap agreement where the only way to access the service was to click "I Agree." Unlike those cases, here the system ***requires*** affirmative acceptance before the user can proceed.

Plaintiff also cites Colorado's Uniform Electronic Transactions Act ("UETA"), but this statute supports Roblox's position. *See* Opp. at 4–5 (citing C.R.S. § 24-71.3-109). The UETA "validates an anonymous click-through transaction" where a user's "actions indicate agreement to a particular term" and the website owner can show that "the only way [the user] could have obtained" access "required that [the user] must have clicked the 'I agree' button." UETA, C.R.S. § 24-71.3-114(1)(b), cmt. 2. Under those circumstances, the user's click constitutes an "electronic signature," and the resulting contract is enforceable. *Id*. So too here. Plaintiff could only have played Roblox by agreeing to the Terms, so the resulting clickwrap agreement is properly attributed to Plaintiff – and, given the absence of genuine dispute, the Responsible Adult. Colorado

courts have routinely enforced clickwrap agreements to compel arbitration after the UETA's enactment in 2002. *See* Mot. at 7–8.

**B. Plaintiff and Their Responsible Adult Agreed to Arbitrate**

Plaintiff devotes much of their opposition to arguing that a minor child cannot understand, assent to, or be bound by complex commercial contracts. But Roblox's Motion does not rest solely on a child's assent—it also rests on the Responsible Adult's agreement to the Terms on Plaintiff's behalf. *See* Mot. at 3-5; 8–10.

Roblox's Terms are enforceable online "clickwrap" agreements under Colorado law that provide "reasonable notice." *See* Mot. at 7–8. The Terms expressly require a ***parent or guardian*** to "read and consent" to the Terms and to "be responsible for all of the minor's activities on the Services." Jit Decl., Ex. 6 at 2. The notice inquiry is therefore easily satisfied as to Plaintiff's Responsible Adult. Accordingly, Plaintiff's assertion that "someone of N.G.'s young age" would not be on notice of the arbitration clause is inapposite. Opp. at 6–7.[3] The same is true as to Plaintiff's argument that they lacked capacity to contract because children cannot "understand, comprehend, or assent to complex commercial contracts such as Roblox's Terms." Opp. at 8–9.

And even as applied to the child, Plaintiff's argument is incorrect—Colorado law recognizes minors' ability to contract. *Jones v. Dressel*, 40 Colo. App. 459, 461 (1978) ("It is well settled in Colorado that a contract entered into by a minor is not void but only

---

[3] *Doe v. Roblox Corp.*, 602 F. Supp. 3d 1243 (N.D. Cal. 2022) and *De Ridder v. Roblox Corp.*, No. 23-CV-04146-VC, 2025 U.S. Dist. LEXIS 257134 (N.D. Cal. Oct. 8, 2025) are inapposite. Those cases ***solely*** involved attempts to bind minors directly without parental assent.

voidable by the minor"). Recognizing this principle, courts have bound minors to online terms and compelled arbitration in similar "video game addiction" cases in other districts. *See, e.g.*, *Courtright v. Epic Games, Inc.*, 766 F. Supp. 3d 873, 892-95 (W.D. Mo. 2025); *Orellana v. Roblox Corp.*, 769 F. Supp. 3d 1273, 1283 (M.D. Fla. 2025).

Plaintiff also argues that the Terms' severance clause negates a "clear and unmistakable intent to arbitrate." Opp. at 13–14. But "the exclusion of some areas of possible dispute from the scope of an arbitration clause does not serve to restrict the reach of an otherwise broad clause in the areas in which it was intended to operate." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 n.13 (1985). A rule that arbitration agreements cannot contain severance clauses would violate the FAA by treating arbitration agreements differently from other contracts.[4] *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006); *Sandler v. Modernizing Med., Inc.*, 170 F.4th 1209, 1213 n.1 (9th Cir. 2026) (state rule that "a severability clause negates an otherwise clear delegation" is preempted by FAA).

**C. Plaintiff's Responsible Adult's Agreement Binds Plaintiff**

Plaintiff is also bound as a third-party beneficiary to their Responsible Adult's agreement. Mot. at 9–10. The Terms require that a parent or guardian "consent to the Roblox Terms" and "agree[] to be responsible for all of the minor's activities" before the minor may use Roblox. Jit Decl., Ex. 6 at 2. The Responsible Adult here did so repeatedly.

---

[4] Plaintiff cites *Spahr v. Secco*, 330 F.3d 1266, 1270 (10th Cir. 2003), which involved genuinely conflicting provisions—a mandatory arbitration clause and a clause ***preserving the right to litigate***. The Terms do no such thing.

Mot. at 3-5. Plaintiff's attempts to avoid this conclusion are unavailing.

Plaintiff points to a clause in Roblox's Terms that states "[n]othing in the Roblox Terms will be deemed to confer any rights or benefits on a third party," and naming only Apple as a third-party beneficiary. Opp. at 10–11. But this clause is simply to ensure that unintended or unknown third parties cannot claim to be third party beneficiaries. It is abundantly clear from all of the provisions of the Terms cited in Roblox's Motion that minors are intended to be bound, and are bound, as beneficiaries of their Responsible Adults' agreement. The clause is clearly not meant to render these provisions superfluous. *Mapes v. City Council of City of Walsenburg*, 151 P.3d 574, 577 (Colo. App. 2006) ("Any [contract] construction that would render any clause or provision unnecessary, contradictory, or insignificant should be avoided").

Plaintiff's citation to *Cooper v. Aspen Skiing Co.*, 48 P.3d 1229 (Colo. 2002), as purportedly limiting a parent's ability to bind their child to arbitration is inapposite. Opp. at 10. That case concerned the waiver of a child's ***substantive tort claims***—not an agreement to resolve disputes in a particular forum. *See Cooper*, 48 P.3d at 1233.[5] As the U.S. Supreme Court has recognized, arbitration does not eliminate substantive rights; it merely specifies the forum for dispute resolution. *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 653 (2022) (an agreement "to arbitrate a statutory claim does not forgo the substantive rights afforded by the statute" (citation omitted)).

---

[5] The legislature's post-*Cooper* enactment of C.R.S. § 13-22-107 reflects a policy favoring parental authority to contract on behalf of minors in recreational contexts. *See* Mot. at 10 n.4. Plaintiff's negative inference—that legislative silence on arbitration means prohibition—inverts the FAA's mandate that arbitration agreements be placed "on equal footing with all other contracts." *Buckeye*, 546 U.S. at 443.

Plaintiff then misrepresents *Glob. Travel Mktg., Inc. v. Shea*, 908 So. 2d 392 (Fla. 2005), arguing it requires the "risks of the activity" to be "apparent" to bind a minor to arbitration. Opp. at 10. But *Shea* creates no such standard—the word "apparent" appears nowhere in the opinion, which simply holds that parents can bind minors to arbitration because it does not waive substantive rights. 908 So. 2d at 403. And Plaintiff's assertion that Roblox "concealed" its risks presupposes the truth of unproven allegations. Plaintiff's argument thus rests on a factual question that goes to the merits of claims they agreed to ***arbitrate*** and is not appropriate for resolution by this Court.

### D. Equitable Estoppel Independently Compels Arbitration

Equitable estoppel independently compels arbitration of Plaintiff's claims because Plaintiff accepted the direct benefits of the Terms. Mot at 12–13. Plaintiff's argument that they could not "*knowingly* exploit" an agreement they did not know existed again relies on the argument that a child could not comprehend the Terms, but Plaintiff's Responsible Adult was required to agree on their behalf. Opp. at 12–13. Moreover, equitable estoppel asks whether the nonsignatory knowingly sought the ***benefits*** of the agreement—not whether they understood the agreement's legal provisions. *See N.A. Rugby Union LLC v. United States Rugby Football Union*, 442 P.3d 859, 866 (Colo. 2019) ("knowingly exploit[ing]" the agreement includes when the party "claim[s] or accept[s] direct benefits of the agreement"). Plaintiff knew they were using and receiving the benefits of Roblox's platform, as it is the entire premise of their case. Accordingly, the Terms bind Plaintiff.

### E. Plaintiff's Remaining Arguments Are Delegated and Fail on the Merits

#### 1. Plaintiff Cannot Avoid Arbitration Through Disaffirmation

Plaintiff's disaffirmance argument is an affirmative defense challenging the Terms' enforceability and is thus delegated to the arbitrator. Mot. at 12. Plaintiff's citation to *Fedor v. United Healthcare, Inc.*, 976 F.3d 1100, 1107 (10th Cir. 2020) is inapposite—that case held that the court decides issues pertaining to the ***validity and enforceability of the delegation clause itself***—not challenges to the broader agreement. Here, Plaintiff's purported disaffirmance goes to the entire agreement, not specifically to the delegation clause. *See Rent-A-Center, West, Inc. v. Jackson,* 561 U.S. 63, 71 (2010) (explaining that when the plaintiff extends the same validity challenge to the broader contract, it is not specific to delegation).

On the merits, Plaintiff cannot disaffirm a contract between adults as a third-party beneficiary. Mot. at 11; *see supra* § II.C.1. And Plaintiff's continued use of the Roblox Platform after their purported disaffirmation renders that disaffirmation ineffective. Mot. at 11.

Plaintiff's attempt to use the Terms' severability clause and opt-out provision to circumvent this outcome is equally unavailing. The severability clause addresses what happens when a court or arbitrator strikes a provision as unenforceable; the opt-out provision was available only "within 30 days of signing up for [Roblox's] Services for the first time." *See* Jit Decl., Ex. 6 at 17. Neither mechanism provides a post-hoc vehicle for a minor selectively to disaffirm the arbitration clause years after the fact while continuing to enjoy the benefits of the very agreement they claim to have rescinded.

### 2. Plaintiff's Unconscionability Challenge Fails

Plaintiff's unconscionability arguments are delegated to the arbitrator because they are directed at the agreement as a whole—not the delegation clause specifically. *See Rent-A-Center*, 561 U.S. at 72. Plaintiff's lone challenge to the delegation provision is that it "calls for the use of FedArb rules without the opportunity to modify or negotiate that choice." Opp. at 14 (citing *Beltran v. AuPairCare, Inc.*, 907 F.3d 1240, 1258 (10th Cir. 2018)). But *Beltran* involved a clause allowing the defendant to select ***any*** arbitration provider with no limitations. *Id*. at 1257. Plaintiff raises no issues with the FedArb rules themselves, and courts routinely enforce arbitration agreements that select a specific provider's arbitration rules. Mot. at 14. And in any event, the *Beltran* court held that it could "easily sever the offending clause from the remainder of the agreement." 907 F.3d at 1263.

Plaintiff's remaining arguments also fail on the merits. Their arguments about lack of bargaining power merely assert that the Terms are a contract of adhesion, which "is not sufficient for a finding of unconscionability." *Levine v. Vitamin Cottage Nat. Food Markets, Inc.*, No. 20-CV-00261-STV, 2021 WL 4439800, at *14 (D. Colo. Sept. 27, 2021). Their arguments about a child's lack of ability to understand the Terms are irrelevant. *See supra* § II.B. And the Terms were hardly inconspicuous: they called out the arbitration agreement in bold and all caps at the outset. Mot. at 5, 8.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court should order Plaintiff to arbitrate their claims and stay this action.

Dated: June 5, 2026

Respectfully submitted,

/s/ *David P. Fuad*
David P. Fuad

David P. Fuad
John P. Badalich
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue
Suite 2700
Los Angeles, California 90071-1596
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
dfuad@orrick.com
jbadalich@orrick.com

*Attorneys for Defendant*
*Roblox Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2026, a true and correct copy of the foregoing document was e-filed and served through the CM/ECF system which will provide notice of the filing on all counsel of record in this case.

/s/ *David P. Fuad*
David P. Fuad