**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:25-cv-02967-GPG-KAS

SHELLY WHITTAKER, as Parent and Natural Guardian of N.G., a minor,

Plaintiff,

v.

ROBLOX CORPORATION, EPIC GAMES, INC.,
MICROSOFT CORPORATION, and MOJANG A.B.,

Defendants.

**DEFENDANT ROBLOX CORPORATION'S RESPONSES TO PLAINTIFF'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANT ROBLOX CORPORATION'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Defendant Roblox Corporation ("Roblox") hereby responds to Plaintiff's Shelly Whittaker, as Parent and Natural Guardian of N.G., a minor ("Plaintiff") Objections to the Declaration of Ronita Jit and exhibits attached thereto, submitted in support of Roblox's Motion to Compel Arbitration and Stay Proceedings as follows:

| No. | Material Objected to | Grounds for Objection | Roblox's Responses | Ruling |
|---|---|---|---|---|
| 1 | The Declaration of Ronita Jit in its entirety and all Exhibits thereto. | **Lacks Foundation (Fed. R. Evid. 602):** Federal Rule of Evidence 602 provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own | **Plaintiff's foundation objection should be overruled**. Ms. Jit properly explained the basis for her personal knowledge in ¶ 1 of her Declaration and ¶¶ 1-5 of her Supplemental Declaration in support of Roblox's Motion to Compel Arbitration ("Supp. Decl."). Ms. Jit has worked at Roblox for over three years, and as | Sustained: ________ Overruled: ________ ________ Judge |

| | | | | |
|---|---|---|---|---|
| | | testimony.” As recognized by the Tenth Circuit, “Under the personal knowledge standard, an affidavit is inadmissible if the witness could not have actually perceived or observed that which she testifies to.” *Hansen v. PT Bank Negara Indon. (Persero),* 706 F.3d 1244, 1250 (10th Cir. 2013)(internal quotations omitted). Indeed, bare assertions of personal knowledge are insufficient. Evidence establishing personal knowledge is necessary. *See Id.* at 1251.<br><br>Here, Ms. Jit’s asserts that she has personal knowledge of the facts attested to; however, she fails to offer sufficient evidence for the basis of that knowledge.<br><br>The only attempt Ms. Jit makes towards offering a foundation is (1) the reiteration of her job title: “Senior Paralegal, Litigation and Legal Operations at Roblox Corporation” and her statement that since January 1, 2023, she has been “responsible for supporting litigation needs, including assisting with discovery, | part of her role, she “conduct[s] dispute related investigations” and is “familiar with the systems and records that… relate to Roblox account holders’ records and account sign-in and sign-up flows.” Jit Decl. ¶ 1. The Tenth Circuit has consistently held that “The foundational requirement for personal knowledge ‘is not difficult to meet.’” *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). The “court may infer a declarant’s personal knowledge from their position in a company.” *Jovel v. TeamSnap, Inc*., No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025). Ms. Jit’s “familiar[ity] with [Roblox’s] products and services, as well as [Roblox’s] user account creation process, user interface, and [Roblox’s] Terms of Service... supports a finding that she has personal knowledge.” *Id*.<br><br>Ms. Jit does not need to have personally observed N.G.’s account creation process to testify about how Roblox’s systems operate. *Id.* (“Further, | |

| | | | | |
|---|---|---|---|---|
| | | responding to subpoenas, and conducting dispute-related investigations"; and (2) she is "familiar with the systems and records that, among other aspects, relate to Roblox account holders' records and account sign-in and sign-up flows, Roblox's Robux purchase processes, and Roblox Gift Card redemptions." (¶1).<br><br>**First**, reciting one's position or job title is insufficient to demonstrate competence to testify. It is unclear how being "responsible for supporting litigation needs, including assisting with discovery, responding to subpoenas, and conducting dispute-related investigations" provides Ms. Jit with a foundation to testify about what plaintiff N.G. or their parents *may* have seen *if* they created a Roblox account, opened in-game messages regarding Terms updates, engaged with popup interrupt notices concerning updated Terms, or purchased or redeemed Robux. The | her review of the exhibits, despite the fact she was not personally involved in creating them, supports the same finding.")<br><br>**Plaintiff's Rule 803(6) objection should also be overruled**. Ms. Jit does not need to mechanically recite each factor of Rule 803(6) for the business records exception to apply. Ms. Jit has declared that she is familiar with Roblox's records, which she reviewed and are kept in the ordinary course of business. Ms. Jit has also further laid this foundation in her Supplemental Declaration ¶ 5. Ms. Jit is not "required to have detailed personal information about the records system in order to provide this testimony." *McGuire v. CarMax Bus. Servs. LLC*, No. 1:23-CV-02938-NYW-SBP, 2024 WL 3897073, at *14 (D. Colo. Aug. 16, 2024). "[A] foundation for the business record hearsay exception may be established by anyone who demonstrates sufficient knowledge of the record keeping system that produced | |

| | | | | |
|---|---|---|---|---|
| | | crux of Roblox's Motion to Compel Arbitration has nothing to do with litigation support needs or subpoenas, and it unclear what the phrase "dispute-related investigations" means much less how it might provide Ms. Jit a foundation upon which to attest on matters germane to this Motion.<br><br>**Second**, being "*familiar* with the systems and records that … relate to Roblox account holders' records and account sign-in and sign-up flows" is insufficient for purposes of demonstrating a foundation. Plaintiff's counsel is likewise "familiar" with how those transactions flow. Being "familiar" is not the same as identifying *how* Ms. Jit garnered any of the information to which she thereafter attests, including when accounts were opened, by whom and when, and when messages or interrupt notices were sent to the N.G. affiliated account or what such messages and notices looked like. Indeed, it appears that Ms. Jit did not begin working at Roblox until 2023 – more than a year | the document." *Hardison v. Balboa Ins. Co.*, 4 F. App'x 663, 670 (10th Cir. 2001).<br><br>**The best evidence rule does not apply.** Ms. Jit is testifying to information she reviewed on display on Roblox's systems. Further, to the extent the testimony describes how the Roblox website is programmed to appear, it is not testimony about the content of a writing at all, but about system operation which is in Ms. Jit's personal knowledge. The best evidence rule does not prohibit a witness from testifying to a fact of which that witness has personal knowledge merely because a written record was also made. *Berenson v. USA Hockey, Inc.*, 2013 COA 138, ¶ 16, 338 P.3d 379, 381 (holding that an employee's affidavit explaining the website's registration process was appropriate to find that plaintiff entered into agreement). | |

| | | | | |
|---|---|---|---|---|
| | | after the N.G affiliated Account was created. (¶ 1, 6).<br><br>**Third**, Ms. Jit's declaration is not saved by the business records exception to the hearsay rule. Fed. R. Evid. 803(6). Notably, Ms. Jit never claims to be attesting in the capacity of a custodian of records; but even if she is, such a witness must establish a foundation before testifying about what business records show. For example, the witness must demonstrate: (1) the record was made at or near the time of the act, condition, or event it records by a person with knowledge; (2) the record was kept in the regular course of business; and (3) the record was made in the regular course of business. At no time in her Declaration does Ms. Jit establish these prerequisites with statements of fact she has demonstrated are within *her own* personal knowledge.<br><br>Because Ms. Jit fails to demonstrate she has any foundation for the statements in her | | |

| | | | | |
|---|---|---|---|---|
| | | declaration, it should be stricken in its entirety.<br><br>**Best Evidence Rule (Fed. R. Evid. 1002, 1004)**: To the extent that Ms. Jit's statements are based upon her review of Roblox's records that have not been produced, such testimony is prohibited. Federal Rules of Evidence 1002 and 1004 prohibit oral testimony to prove the content of a writing unless certain specifically delineated exceptions are met, *e.g.*, the original was lost or destroyed without bad faith, the writing cannot be obtained by any available judicial process, or the writing is not closely related to a controlling issue. Ms. Jit has not attested to any facts that would establish any of the exceptions to this rule. Accordingly, all statements as to the content of a writing that has not been produced must be stricken. | | |
| 2 | **Jit Decl. ¶ 6**: "According to Roblox's records, [the Xbox gamertag | **Best Evidence (Fed. R. Evid. 1002, 1004)**: To the extent that Ms. Jit's statements are based upon her review of Roblox's records that have not been produced, | **Plaintiff's Best Evidence objection should be overruled.** Ms. Jit's testimony regarding the gamertag associated with Plaintiff's account is not | Sustained: ________<br><br>Overruled: ________ |

| | | | | |
|---|---|---|---|---|
| | provided by Plaintiff's counsel] is associated with the creation of a Roblox account belonging to Plaintiff, created on December 11, 2021 (the 'Account')." | such testimony is prohibited. Federal Rules of Evidence 1002 and 1004 prohibit oral testimony to prove the content of a writing unless certain specifically delineated exceptions are met, *e.g.*, the original was lost or destroyed without bad faith, the writing cannot be obtained by any available judicial process, or the writing is not closely related to a controlling issue. Ms. Jit has not attested to any facts that would establish any of the exceptions to this rule. | based on documentary evidence but on information displayed on Roblox's systems. As part of Ms. Jit's work "conducting dispute-related investigations," Ms. Jit is familiar with the account records of Plaintiff and can testify about those records. *Berenson v. USA Hockey, Inc.*, 2013 COA 138, ¶ 16, 338 P.3d 379, 381 (holding that an employee's affidavit explaining the website's registration process was appropriate to find that plaintiff entered into agreement).<br><br>Finally, to the extent that information is available in Roblox's records it was produced to Plaintiff in Roblox's Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories and is attached to the Supplemental Declaration of Ronita Jit (Supp. Decl. ¶ 7, Exs. A-B) | ______<br>Judge |
| 3 | **Jit Decl. ¶ 8**: "In order to use the Roblox platform, users must | **Lack of Personal Knowledge (Fed. R. Evid. 602)**: This general statement appears to describe what all Roblox users were required to | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit properly explained the basis for her personal knowledge | Sustained:<br>______<br><br>Overruled: |

| | | | | |
|---|---|---|---|---|
| | create an account and agree to Roblox's Terms of Use." | do when creating an account; however, Ms. Jit's Declaration does not explain how she personally knows about the account creation process or that such knowledge extends – apparently – throughout the entire existence of the game, including when the N.G. affiliated Account was allegedly created in 2021. Indeed, it appears that Ms. Jit did not begin working at Roblox until 2023. (¶ 1). Unless Ms. Jit establishes a basis for her knowledge of the account creation process in 2021 when the N.G. affiliated Account was allegedly created, this statement lacks foundation. A bare assertion that she knows Roblox's practices is not enough if the declaration does not explain the basis for that knowledge or that such practices extended back to the point of account creation in 2021. Moreover, no exhibit attached to Ms. Jit's Declaration independently confirms that any Terms were agreed to at the point the N.G. affiliated Account was created.<br><br>**Hearsay (Fed. R. Evid.** | in ¶ 1 of her Declaration and ¶¶ 1-5 of her Supplemental Declaration. Ms. Jit has worked at Roblox for over three years, and as part of her role, she "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. ¶ 1. The Tenth Circuit has consistently held that "The foundational requirement for personal knowledge 'is not difficult to meet.'" *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). The "court may infer a declarant's personal knowledge from their position in a company." *Jovel v. TeamSnap, Inc.*, No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025). Ms. Jit's "familiar[ity] with [Roblox's] products and services, as well as [Roblox's] user account creation process, user interface, and [Roblox's] Terms of Service... supports a finding that she has personal knowledge." *Id.* | __________<br><br>__________<br>Judge |

| | | | | |
|---|---|---|---|---|
| | | **802) / Business Records Exception (Fed. R. Evid. 803(6) / Authentication (Fed. R. Evid. 901) / Best Evidence Rule (Fed. R. Evid. 1002, 1004)**: To the extent Ms. Jit's statement is premised on a review of business records, Ms. Jit has failed to establish *with facts within her personal knowledge* any of the pre-requisite elements to testify to the contents of those records.<br><br>Moreover, to the extent this statement depends on writings, screenshots, or other internal records, those materials must be authenticated before secondary evidence of their contents is admissible. The statement does not identify any other authenticated writing.<br><br>Finally, to the extent Ms. Jit's statement reflects the contents of writings or internal records that have not been produced, such testimony violates the best evidence rule. Ms. Jit has not attested to any facts that would establish an exception to this rule. | Ms. Jit does not need to have personally observed N.G.'s account creation process to testify about how Roblox's systems operate. *Id.* Moreover, Roblox provided Plaintiff with information confirming the specific Terms N.G. agreed to in Roblox's Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories served on April 14, 2026, and the information is attached to the Supplemental Declaration of Ronita Jit (Supp. Decl. ¶¶ 7-8).<br><br>**The authentication objection fails**. Ms. Jit has provided testimony that the Exhibits to her Declaration are true and correct. Further, circumstantial indicia of reliability such as describing the distinctive characteristics of a website are enough for purposes of authenticity. *Live Face On Web, LLC v. Integrity Sols. Grp., Inc.*, 421 F. Supp. 3d 1051, 1069 (D. Colo. 2019).<br><br>**Plaintiff's Rule 803(6) objection should also be overruled**. Ms. Jit does not need to mechanically recite each factor of Rule 803(6) for | |

| | | | | |
|---|---|---|---|---|
| | | | the business records exception to apply. Ms. Jit is familiar with Roblox's records, which she reviewed and are kept in the ordinary course of business. (Jit Decl. ¶ 1) (Supp. Decl. ¶ 5). Ms. Jit is not "required to have detailed personal information about the records system in order to provide this testimony." *McGuire v. CarMax Bus. Servs. LLC*, No. 1:23-CV-02938-NYW-SBP, 2024 WL 3897073, at *14 (D. Colo. Aug. 16, 2024). "[A] foundation for the business record hearsay exception may be established by anyone who demonstrates sufficient knowledge of the record keeping system that produced the document." *Hardison v. Balboa Ins. Co.*, 4 F. App'x 663, 670 (10th Cir. 2001).<br><br>**The best evidence rule does not apply.** Ms. Jit's testimony describes how the Roblox website is programmed to appear. This is not testimony about the content of a writing, but about system operation in Ms. Jit's personal knowledge. The best evidence rule does not prohibit a witness from testifying to a fact of which that witness has personal knowledge merely because a | |

| | | | | |
|---|---|---|---|---|
| | | | written record was also made. *Berenson v. USA Hockey, Inc.*, 2013 COA 138, ¶ 16, 338 P.3d 379, 381. | |
| 4 | **Jit Decl. ¶ 8**: "When Roblox deems an update material, Roblox users are notified of each of these updates via a pop-up notice displayed when users access the Roblox Platform. That notice includes a bolded hyperlink to the updated Terms and requires users to click to accept the new Terms in order to continue using the Roblox Platform." | **Lack of Personal Knowledge (Fed. R. Evid. 602**: Assertions that Roblox sent the notice to every user, when it was delivered, and how delivery was emphasized require a disclosed basis in system logs or operational responsibility or knowledge. The Declaration does not explain how Ms. Jit knows those platform-wide facts. Ms. Jit also does not claim to have drafted, sent, or observed the delivery of these notices to the N.G. affiliated Account. Additionally, no exhibit to Ms. Jit's Declaration independently confirms that (1) these notices were displayed to the N.G. affiliated Account; (2) that a user of the N.G. affiliated Account interacted with them; or (3) that acceptance was technically required to continue using the platform.<br><br>**Authentication (Fed. R. Evid. 901)**: To the extent this statement depends on writings, | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit explained the basis for her personal knowledge in ¶ 1 of her Declaration and ¶¶ 1-5 of her Supplemental Declaration. Ms. Jit has worked at Roblox for over three years, and as part of her role, she "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. ¶ 1. The Tenth Circuit has consistently held that "The foundational requirement for personal knowledge 'is not difficult to meet.'" *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). The "court may infer a declarant's personal knowledge from their position in a company." *Jovel v. TeamSnap, Inc.*, No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025). Ms. Jit's "familiar[ity] with [Roblox's] products and | Sustained: ______<br><br>Overruled: ______<br><br>______<br>Judge |

| | | | | |
|---|---|---|---|---|
| | | screenshots, or internal records showing the alleged pop-up and hyperlink, those materials must be authenticated before secondary evidence of their contents is admissible. The Declaration does not identify any authenticated writing supporting this broad description.<br><br>**Hearsay (Fed. R. Evid. 802) / Business Records Exception (Fed. R. Evid. 803(6)**: Any recitation of the content of the notices offered for the truth of what they said is hearsay. Moreover, it is not cured by a business-records foundation that has not been established. Ms. Jit has failed to establish *with facts within her personal knowledge* any of the pre-requisite elements to testify to the contents of those records. | services, as well as [Roblox's] user account creation process, user interface, and [Roblox's] Terms of Service... supports a finding that she has personal knowledge." *Id.*<br><br>Ms. Jit does not need to have personally observed N.G.'s acceptance to Roblox's Terms to testify about how Roblox's systems operate. *Id.* ("Further, her review of the exhibits, despite the fact she was not personally involved in creating them, supports the same finding.").<br><br>Moreover, Roblox provided Plaintiff with information confirming and depicting the specific pop-up notices presented to Plaintiff N.G, as part of Roblox's Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories served on April 14, 2026.<br><br>**Plaintiff's Hearsay and Rule 803(6) objection should also be overruled**. The quoted text is an exception from the hearsay rule because it is a Roblox | |

| | | | | |
|---|---|---|---|---|
| | | | business record. It also demonstrates notice to Plaintiff regarding the Terms.<br><br>Ms. Jit does not need to mechanically recite each factor of Rule 803(6) for the business records exception to apply, as it does here. Ms. Jit has declared that she is familiar with Roblox's records, which she reviewed and are kept in the ordinary course of business. (Jit. Supp. Decl. ¶ 5) *McGuire v. CarMax Bus. Servs. LLC*, No. 1:23-CV-02938-NYW-SBP, 2024 WL 3897073, at *14 (D. Colo. Aug. 16, 2024). | |
| 5 | **Jit Decl. ¶¶ 9-11** "Roblox notified users of its August 2023 Terms via both on-platform blocker cards (pop-up notices) requiring affirmative acceptance and via an on-platform message sent directly to every | **Lack of Personal Knowledge (Fed. R. Evid. 602**: Assertions that Roblox sent the pop-ups and messages to every user, when they were delivered/displayed, and how delivery was emphasized require a disclosed basis in system logs or operational responsibility or knowledge. The Declaration does not explain how Ms. Jit knows those platform-wide facts. Ms. Jit also does not claim to have drafted, sent, or | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit explained the basis for her personal knowledge in ¶ 1 of her Declaration and ¶¶ 1-5 of her Supplemental Declaration. Ms. Jit has worked at Roblox for over three years, and as part of her role, she "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. | Sustained: ________<br><br>Overruled: ________<br><br>________<br>Judge |

| | | | | |
|---|---|---|---|---|
| | user's "Messages" page within their personal accounts one month prior to the effective date."<br><br>. . . .<br><br>"The message was delivered one month prior to becoming effective and its delivery was emphasized with a notification on users' personal "Messages" pages."<br><br>. . . .<br><br>"This message expressly stated that "[b]eginning on August 1, 2023, you – or if you are a minor, your parent/ guardian – | observed the delivery of these notices to the N.G. affiliated Account. Additionally, no exhibit to Ms. Jit's Declaration independently confirms that (1) these notices were displayed to the N.G. affiliated Account; (2) that a user of the N.G. affiliated Account interacted with them; or (3) that acceptance was technically required to continue using the platform.<br><br>**Authentication (Fed. R. Evid. 901):** The embedded screenshot of a solitary message bears no addressee, date stamp, account identifier, or recipient information. Ms. Jit does not state when the screenshot was captured, from what account, by whom, or how she knows it depicts the message sent to any account, let alone the N.G. affiliated Account.<br><br>**Hearsay (Fed. R. Evid. 803):** Any recitation of the content of the messages offered for the truth of what they said is hearsay. Moreover, it is not cured by a business-records foundation that has not been established. Ms. Jit has | ¶ 1. The Tenth Circuit has consistently held that "The foundational requirement for personal knowledge 'is not difficult to meet.'" *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). Ms. Jit's "familiar[ity] with [Roblox's] products and services, as well as [Roblox's] user account creation process, user interface, and [Roblox's] Terms of Service... supports a finding that she has personal knowledge." *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025).<br><br>Ms. Jit does not need to have personally observed N.G.'s acceptance to Roblox's Terms to testify about how Roblox's systems operate. *Id.* ("Further, her review of the exhibits, despite the fact she was not personally involved in creating them, supports the same finding.").<br><br>Moreover, Roblox provided Plaintiff with information confirming and depicting the specific pop-up notices presented to Plaintiff | |

| | | | | |
|---|---|---|---|---|
| | will need to agree to the updated Terms of Use in order to continue using Roblox" and "[i]f you do not agree, you can close your Roblox account(s) before these updates go into effect." I attest that the below is a true and accurate screenshot of the Terms update message for the August 1, 2023 Terms update." | failed to establish *with facts within her personal knowledge* any of the pre-requisite elements to testify to the contents of those records. | N.G as part of Roblox's Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories, served on April 14, 2026.<br><br>**The authentication objection fails**. Ms. Jit has provided testimony that the Exhibits to her Declaration are true and correct. Further, circumstantial indicia of reliability such as describing the distinctive characteristics of a website are enough for purposes of authenticity. *Live Face On Web, LLC v. Integrity Sols. Grp., Inc.*, 421 F. Supp. 3d 1051, 1069 (D. Colo. 2019).<br><br>**Plaintiff's Hearsay objection should be overruled**. The quoted text is an exception from the hearsay rule because it is a Roblox business record. It also demonstrates notice to Plaintiff regarding the Terms.<br><br>Finally, Ms. Jit does not need to mechanically recite each factor of Rule 803(6) for the business records exception to apply, as it does here. Ms. Jit has | |

| | | | | |
|---|---|---|---|---|
| | | | declared that she is familiar with Roblox's records, which she reviewed and are kept in the ordinary course of business. (Jit. Supplemental Decl. ¶ 5); *McGuire v. CarMax Bus. Servs.* LLC, No. 1:23-CV-02938-NYW-SBP, 2024 WL 3897073, at *14 (D. Colo. Aug. 16, 2024). | |
| 6 | **Jit Decl. ¶ 12**: "Roblox informs its users in this manner each time a material update to its Terms occurs and requires users to accept the updated Terms to continue using the Roblox Platform. These pop-up notices were sent to Roblox users in August 2023, February 2024, June 2024, November | **Lack of Personal Knowledge (Fed. R. Evid. 602**: The bare assertion that pop-ups "were sent" on five specific dates and that the June 2025 pop-up was "substantially identical" to earlier notices requires a factual basis. These assertions are unsupported by any disclosed logs, records, or personal observation. Ms. Jit also does not explain how she otherwise knows. Additionally, no exhibit to Ms. Jit's Declaration independently confirms that (1) these messages were displayed to a user on the N.G. affiliated Account; (2) that a user on the N.G. affiliated Account interacted with them; or (3) that acceptance was technically required to continue using the | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit explained the basis for her personal knowledge in ¶ 1 of her Declaration and ¶¶ 1-5 of her Supplemental Declaration. She has worked at Roblox for over three years, and as part of her role, she "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. ¶ 1. The Tenth Circuit has consistently held that "The foundational requirement for personal knowledge 'is not difficult to meet.'" *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). Ms. Jit's "familiar[ity] with [Roblox's] products and | Sustained: ________ Overruled: ________ ________ Judge |

| | | | | |
|---|---|---|---|---|
| | 2024, and June 2025, with advanced notices sent one month ahead of each such update. Below is a screenshot of the June 2025 Terms pop-up notice (which is substantially identical to the earlier pop-up notices), which states: "To continue using Roblox, please select "I Agree" to agree to our updated Terms of Use and acknowledg e our privacy policy. If you are a minor, please show this to your parent or guardian…" | platform.<br><br>**Authentication (Fed. R. Evid. 901):** Roblox must authenticate not only the June 2025 screen but also the claim that it accurately reflects the content of the earlier historical screens. The declaration makes no such showing. The embedded screenshot bears no addressee, date stamp, account identifier, or recipient information. Ms. Jit does not state when the screenshot was captured, from what account, by whom, or how she knows it depicts the message sent to the N.G. affiliated Account.<br><br>**Hearsay (Fed. R. Evid. 802) / Business Records Exception (Fed. R. Evid. 803(6)**: Any recitation of the content of the messages offered for the truth of what they said is hearsay. Moreover, it is not cured by a business-records foundation that has not been established. Ms. Jit has failed to establish *with facts within her personal knowledge* any of the pre-requisite elements to testify to the contents of | services, as well as [Roblox's] user account creation process, user interface, and [Roblox's] Terms of Service... supports a finding that she has personal knowledge." *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025).<br><br>Ms. Jit does not need to have personally observed N.G.'s acceptance to Roblox's Terms to testify about how Roblox's systems operate. *Id.*<br><br>Moreover, Roblox provided Plaintiff with information confirming and depicting the specific pop-up notices presented to Plaintiff N.G, as part of Roblox's Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories served on April 14, 2026.<br><br>**The authentication objection fails**. Ms. Jit provided testimony that the statements in her declaration are true and correct. Further, circumstantial indicia of reliability such as | |

| | | | | |
|---|---|---|---|---|
| | | those records.<br><br>**Best Evidence Rule (Fed. R. Evid. 1002, 1004)**: To the extent that Ms. Jit's statements are based upon her review of Roblox's records that have not been produced, such testimony is prohibited. Federal Rules of Evidence 1002 and 1004 prohibit oral testimony to prove the content of a writing unless certain specifically delineated exceptions are met, *e.g.*, the original was lost or destroyed without bad faith, the writing cannot be obtained by any available judicial process, or the writing is not closely related to a controlling issue. Ms. Jit has not attested to any facts that would establish any of the exceptions to this rule. | describing the distinctive characteristics of a website are enough. *Live Face On Web, LLC v. Integrity Sols. Grp., Inc.*, 421 F. Supp. 3d 1051, 1069 (D. Colo. 2019).<br><br>**Plaintiff's Hearsay Rule objection should be overruled**. The quoted text is an exception from the hearsay rule because it is a Roblox business record. It also demonstrates notice to Plaintiff regarding the Terms.<br><br>Finally, Ms. Jit does not need to mechanically recite each factor of Rule 803(6) for the business records exception to apply. Ms. Jit has declared that she is familiar with Roblox's records, which she reviewed and are kept in the ordinary course of business. (Jit. Supp. Decl. ¶5); *McGuire v. CarMax Bus. Servs.* LLC, No. 1:23-CV-02938-NYW-SBP, 2024 WL 3897073, at *14 (D. Colo. Aug. 16, 2024).<br><br>**The best evidence rule does not apply** because Ms. Jit is testifying to information | |

| | | | | |
|---|---|---|---|---|
| | | | she reviewed on display by Roblox's systems. To the extent the testimony describes how the Roblox website is programmed to appear, it is not testimony about the content of a writing at all, but about system operation within Ms. Jit's personal knowledge. The best evidence rule does not prohibit a witness from testifying to a fact of which that witness has personal knowledge merely because a written record was also made. *Berenson v. USA Hockey, Inc.*, 2013 COA 138, ¶ 16, 338 P.3d 379, 381. | |
| 7 | **Jit Decl. ¶ 13**: "The Account remains open as of the date of this submission and was most recently used on January 30, 2026." | **Lack of Personal Knowledge (Fed. R. Evid. 602) / Authentication (Fed. R. Evid. 901)**: Ms. Jit does not disclose how she came to know that this account "remains open" or that it was "most recently used" on a certain date. She does not state that she personally accessed the relevant Roblox systems, queried the account database, or observed the underlying records firsthand, nor does she identify what system, field, or report | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit explained the basis for her personal knowledge in ¶ 1 of her Declaration and ¶¶ 1-5 of her Supplemental Declaration. She has worked at Roblox for over three years, and as part of her role, she "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. | Sustained: ________<br>Overruled: ________<br>________<br>Judge |

| | | | | |
|---|---|---|---|---|
| | | supplied the asserted last-use date or account-status information. As a paralegal, Ms. Jit does not claim any operational responsibility for, or technical familiarity with, the backend systems that record account access events.<br><br>**Hearsay (Fed. R. Evid. 802) / Business Records Exception (Fed. R. Evid. 803(6)**: The assertions that the account "remains open" and was "most recently used on" on a certain date are necessarily derived from out-of-court records (e.g., system logs or databases) and are offered for the truth of the matters asserted. These assertions are therefore inadmissible hearsay absent a proper foundation. Ms. Jit has failed to establish *with facts within her personal knowledge* any of the pre-requisite elements to testify to the contents of those records.<br><br>**Best Evidence Rule (Fed. R. Evid. 1002, 1004)**: To the extent that Ms. Jit's statement is based upon her review of Roblox's records that have not | ¶ 1. The Tenth Circuit has consistently held that "[t]he foundational requirement for personal knowledge 'is not difficult to meet.'" *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). Ms. Jit's "familiar[ity] with [Roblox's] products and services, as well as [Roblox's] user account creation process, user interface, and [Roblox's] Terms of Service... supports a finding that she has personal knowledge." *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025).<br><br>**Plaintiff's Hearsay Rule objection is completely misplaced**. The fact that information is "derived from out-of-court records" does not automatically make it hearsay. Roblox's "system logs and databases" are not a "statement" under the hearsay rule but rather machine-generated information created without the input of a person. *United States v. Hamilton*, 413 F.3d 1138, 1142 (10th Cir. 2005). There is no | |

| | | | | |
|---|---|---|---|---|
| | | been produced, such testimony is prohibited. Federal Rules of Evidence 1002 and 1004 prohibit oral testimony to prove the content of a writing unless certain specifically delineated exceptions are met, *e.g.*, the original was lost or destroyed without bad faith, the writing cannot be obtained by any available judicial process, or the writing is not closely related to a controlling issue. Ms. Jit has not attested to any facts that would establish any of the exceptions to this rule. | "statement or declarant involved here." *Id.*<br><br>They are also Roblox business records. Ms. Jit does not need to mechanically recite each factor of Rule 803(6) for the business records exception to apply, as it does here. Ms. Jit has declared that she is familiar with Roblox's records, which she reviewed and are kept in the ordinary course of business. (Jit. Supp. Decl. ¶5); *McGuire v. CarMax Bus. Servs.* LLC, No. 1:23-CV-02938-NYW-SBP, 2024 WL 3897073, at *14 (D. Colo. Aug. 16, 2024).<br><br>**The best evidence rule does not apply** because Ms. Jit is testifying to information she reviewed on display by Roblox's systems. The best evidence rule does not prohibit a witness from testifying to a fact of which that witness has personal knowledge merely because a written record was also made. *See also*, (Jit Supp. Decl. ¶11); *Berenson v. USA Hockey, Inc.*, 2013 COA 138, ¶ 16, 338 P.3d 379, 381. | |

| | | | | |
|---|---|---|---|---|
| 8 | **Jit Decl. ¶ 14**: "Further, although Roblox's Terms permit users to opt out of the arbitration agreement within 30 days of acceptance, Roblox has no record showing that Plaintiff or Shelly Whittaker (or Plaintiff's other parent or guardian) (collectively, "Responsible Adult") did so through the procedures set forth in the Terms." | **Lack of Personal Knowledge (Fed R. Evid. 602)**: Ms. Jit does not establish personal knowledge of whether opt-out notifications were received across what may be multiple intake channels (email, postal mail, in-app submission, etc.) over periods spanning several years. Ms. Jit does not describe any search she or anyone else at Roblox performed. The assertion that no opt-out was received by the entire company is without a demonstrated basis.<br><br>**Hearsay (Fed. R. Evid 802) / Business Records Exception (Fed. R. Evid. 803(6)-(7) / Authentication (Fed. R. Evid. 901)**: Ms. Jit failed to establish *with facts within her personal knowledge* any of the pre-requisite elements to testify to the contents of / what is missing from Roblox's records. She has not established how her role at Roblox provides him with the knowledge to make such a sweeping statement.<br><br>Furthermore, to the extent these statements | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit explained the basis for her personal knowledge in ¶ 1 of her Declaration and ¶¶ 1-5 of her Supplemental Declaration. She has worked at Roblox for over three years, and as part of her role, she "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. ¶ 1. The Tenth Circuit has consistently held that "[t]he foundational requirement for personal knowledge 'is not difficult to meet.'" *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). Ms. Jit's "familiar[ity] with [Roblox's] products and services, as well as [Roblox's] user account creation process, user interface, and [Roblox's] Terms of Service... supports a finding that she has personal knowledge." *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025). | Sustained: ________<br><br>Overruled: ________<br><br>________<br>Judge |

| | | | | |
|---|---|---|---|---|
| | | depend on writings, screenshots, or other internal records, those materials must be authenticated before secondary evidence of their contents is admissible. The statement does not identify any other authenticated writing. | A witness does not need to lay a foundation for every assertion within a declaration. The "court may infer a declarant's personal knowledge from their position in a company." *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025).<br><br>**Plaintiff's Hearsay Rule objection should be overruled**. Ms. Jit does not need to mechanically recite each factor of Rule 803(6) for the business records exception to apply, as it does here. Ms. Jit has declared that she is familiar with Roblox's records, which she reviewed and are kept in the ordinary course of business. (Jit Supp. Decl. ¶ 5); *McGuire v. CarMax Bus. Servs.* LLC, No. 1:23-CV-02938-NYW-SBP, 2024 WL 3897073, at *14 (D. Colo. Aug. 16, 2024). | |
| 9 | **Jit Decl. ¶ 16**: "Roblox records show thirty-one (31) purchases of Robux on the Account | **Lack of Personal Knowledge (Fed. R. Evid. 602) / Improper Lay Opinion (Fed. R. Evid. 702)**: Ms. Jit asserts that the purchases "required agreement to Roblox's | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit explained the basis for her personal knowledge in ¶ 1 of her Declaration and ¶¶ 1-5 of her Supplemental | Sustained: ________<br><br>Overruled: ________ |

| | | | | |
|---|---|---|---|---|
| | that required agreement to Roblox's Terms. These purchases were made between May 3, 2023 and January 2, 2026, through the Xbox Store and the Google Play Store. Attached hereto as Exhibit 1 is a true and correct copy of Roblox's record of Robux transactions associated with the Account." | terms." There are no transaction-specific facts tying each purchase to a particular assent interface. Nor are there any such records attached to the declaration, *e.g.*, historical purchase screens which confirm (1) the terms were displayed to the Account while purchasing; (2) that a user of the N.G. Account or one of N.G.'s Responsible Adults interacted with them; or (3) that acceptance was technically required to make the purchase. The Declaration also does not explain how Ms. Jit knows what systems generated the purchase data or how she is qualified or has the knowledge to interpret the data contained therein.<br><br>**Hearsay (Fed. R. Evid. 802) / Business Records Exception (Fed. R. Evid. 803(6)**: The number of purchases, dates, and purchase locations appear to come from transaction records in Exhibit 1 and are inadmissible hearsay absent a proper foundation. Although Ms. Jit describes Exhibit | Declaration. She has worked at Roblox for over three years, and as part of her role, she "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. ¶ 1. The Tenth Circuit has consistently held that "[t]he foundational requirement for personal knowledge 'is not difficult to meet.'" *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). Ms. Jit's "familiar[ity] with [Roblox's] products and services, as well as [Roblox's] user account creation process, user interface, and [Roblox's] Terms of Service... supports a finding that she has personal knowledge." *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025).<br><br>**Ms. Jit is not offering an improper lay opinion**. If a lay witness bases her testimony on "matters she personally investigated and perceived, the opinion is 'based on the perception | ______<br><br>Judge |

| | | | | |
|---|---|---|---|---|
| | | 1 as a "true and correct copy of Roblox's record of Robux transactions associated with the Account, Ms. Jit has failed to establish *with facts within her personal knowledge* any of the pre-requisite elements to testify about the contents of this document, such as what this record is, how it was generated, where, why, when, and how the contents of that record were recorded, tracked, and stored. | of the witness." *Packard v. City & Cnty. of Denver*, 173 F.4th 1247, 1257 (10th Cir. 2026). Ms. Jit's testimony is based on her investigation of Roblox's systems and the records of N.G.'s account and the "court may infer a declarant's personal knowledge from their position in a company." (Jit Decl. ¶ 1); (Jit Supp. Decl. ¶¶ 1-5); *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025).<br><br>**Plaintiff's Hearsay objection is misplaced**. The information in Exhibit 1 is not a statement under the hearsay rule but rather machine-generated information created without the input of a person. *United States v. Hamilton*, 413 F.3d 1138, 1142 (10th Cir. 2005). There is no "statement or declarant involved here." *Id.*<br><br>They are also Roblox business records. Ms. Jit does not need to mechanically recite each factor of Rule 803(6) for the business records exception to apply, as it | |

| | | | | |
|---|---|---|---|---|
| | | | does here. Ms. Jit has declared that she is familiar with Roblox's records, which she reviewed and are kept in the ordinary course of business. *McGuire v. CarMax Bus. Servs.* LLC, No. 1:23-CV-02938-NYW-SBP, 2024 WL 3897073, at *14 (D. Colo. Aug. 16, 2024). | |
| 10 | **Jit Decl. ¶ 17**: "By way of example, the Account made a Robux purchase on September 3, 2025 through the Xbox Store. When making a Robux purchase on this date through the Xbox Store, the user would have encountered the following screen. At the bottom of the screen, in close proximity to the large blue button the user | **Lack of Personal Knowledge (Fed. R. Evid. 602)**: Ms. Jit fails to provide any basis for her knowledge of what the Robux purchase screen looked like on any date, let alone September 3, 2025, and how that screen appeared to any user of the N.G. affiliated Roblox Account.<br><br>**Hearsay (Fed. R. Evid. 802) / Business Records Exception (Fed. R. Evid. 803(6) / Authentication (Fed. R. Evid. 901) / Best Evidence Rule (Fed. R. Evid. 1002, 1004)**: Ms. Jit's statement appears to be describing a record that is not included within her Declaration. Indeed, the "large blue button" she describes is not present in Exhibit 1 or the image embedded in the following paragraph. | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit explained the basis for her personal knowledge in ¶ 1 of her Declaration and ¶¶ 1-5 of her Supplemental Declaration. Ms. Jit has worked at Roblox for over three years, and as part of her role, she "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. ¶ 1. The Tenth Circuit has consistently held that "[t]he foundational requirement for personal knowledge 'is not difficult to meet.'" *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). Ms. Jit's "familiar[ity] with [Roblox's] products and services, as well as | Sustained: ________<br><br>Overruled: ________<br><br>________<br>Judge |

| | | | | |
|---|---|---|---|---|
| | must click to complete the purchase, the following disclosure appears: “By purchasing Robux, you agree to our **Terms of Use** and **Privacy Policy**, including the arbitrtation clause” (emphasis included). I attest that the below is a true and accurate screenshot of the aforementioned disclosure:” | Whatever it is that Ms. Jit is referencing, she has failed to authenticate it or offer any factual basis that would meet an exception to the rule against hearsay. Finally, because she is describing a document that has not been produced and she has failed to offer any explanation for its failure to be produced, her statements violate the best evidence rule. | [Roblox’s] user account creation process, user interface, and [Roblox’s] Terms of Service... supports a finding that she has personal knowledge.” *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025).<br><br>**Plaintiff’s Hearsay Objection Fails**. Ms. Jit does not need to mechanically recite each factor of Rule 803(6) for the business records exception to apply, as it does here. Ms. Jit has declared that she is familiar with Roblox’s records, which she reviewed and are kept in the ordinary course of business. *McGuire v. CarMax Bus. Servs.* LLC, No. 1:23-CV-02938-NYW-SBP, 2024 WL 3897073, at *14 (D. Colo. Aug. 16, 2024).<br><br>Further, Roblox provided Plaintiff with information about Exhibit 1 of Ms. Jit’s Declaration to Roblox’s Motion to Compel Arbitration including additional screenshots depicting Plaintiff’s purchasing process and the Roblox Terms acceptance | |

| | | | | |
|---|---|---|---|---|
| | | | language as part of Roblox's Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories, served on April 14, 2026.<br><br>**The best evidence rule does not apply** because Ms. Jit's testimony describes how the Roblox website is programmed to appear, it is not testimony about the content of a writing at all, but about system operation in Ms. Jit's personal knowledge. The best evidence rule does not prohibit a witness from testifying to a fact of which that witness has personal knowledge merely because a written record was also made. *Berenson v. USA Hockey, Inc.*, 2013 COA 138, ¶ 16, 338 P.3d 379, 381. | |
| 11 | **Jit Decl. ¶ 18**: "The Robux purchase process depicted above is representative of Robux purchases made on the Account that | **Lack of Personal Knowledge (Fed. R. Evid. 602) / Improper Lay Opinion (Fed. R. Evid. 701)**: Ms. Jit fails to offer any facts demonstrating a basis for her historical knowledge of any Robux purchase screen. Furthermore, her description of the | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit explained the basis for her personal knowledge in ¶ 1 of her Declaration and ¶¶ 1-5 of her Supplemental Declaration. Ms. Jit has worked at Roblox for over three years, and as part of her role, she | Sustained: ________<br><br>Overruled: ________<br><br>________<br>Judge |

| | | | | |
|---|---|---|---|---|
| | required agreement to the Terms." | embedded screenshot as "representative" is a comparative opinion of multiple purchase flow screens. However, Ms. Jit fails to provide a factual basis demonstrating that she compared the depicted flows to the actual historical flows used for the accounts and transactions at issue. Ms. Jit discloses no methodology, no sampling approach, and no disclosed universe of compared flows.<br><br>**Authentication (Fed. R. Evid. 901)**: Roblox must authenticate not only the embedded screenshot, but also any screens to which she is comparing the embedded screenshot. She has failed to offer any statements of fact that would authenticate any such screens. | "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. ¶ 1. The Tenth Circuit has consistently held that "[t]he foundational requirement for personal knowledge 'is not difficult to meet.'" *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). Ms. Jit's "familiar[ity] with [Roblox's] products and services, as well as [Roblox's] user account creation process, user interface, and [Roblox's] Terms of Service... supports a finding that she has personal knowledge." *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025).<br><br>Further, Ms. Jit's statement that the Robux purchase process she describes are "representative" is proper. *Melssen v. Auto-Owners Ins. Co*., 2012 COA 102, ¶ 55, 285 P.3d 328, 338 ("A lay witness may testify broadly to any opinions or inferences that are (a) | |

| | | | | |
|---|---|---|---|---|
| | | | rationally based on the perception of the witness, (b) helpful to clearly understand the witness's testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope.")<br><br>**Authentication** is not a high bar to meet and can be secured with testimony from a witness with personal knowledge. Further, Ms. Jit attested that the screenshot is "true and accurate." Fed. R. Evid. 901(b)(1). | |
| 12 | **Jit. Decl. ¶ 22-23**: "Between September 29, 2021, and April 4, 2023, the www.roblox/redeem webpage included a field for entering the user's Roblox Gift Card redemption code, a button that says "Redeem," | **Lack of Personal Knowledge (Fed. R. Evid. 602)**: Ms. Jit describes Roblox Gift Card redemption processes in place between 2021 (*prior to her employment at Roblox*) and 2024. However, Ms. Jit fails to provide any basis for her knowledge of what the Roblox Gift Card redemption process looked like at any point in time.<br><br>**Hearsay (Fed. R. Evid. 802) / Business Records Exception (Fed. R. Evid. 803(6) /** | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit explained the basis for her personal knowledge in ¶ 1 of her Declaration and ¶¶ 1-5 of her Supplemental Declaration. She has worked at Roblox for over three years, and as part of her role, she "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. ¶ 1. *United States v.* | Sustained: ________<br><br>Overruled: ________<br><br>________<br>Judge |

| | | | | |
|---|---|---|---|---|
| | and language alerting the user that redeeming a code requires acceptance of Gift Card Terms & Conditions and Roblox's Terms of Use, including an arbitration clause, by a person who is 18 years old. I attest that the below is a true and accurate screenshot of the aforementioned disclosure:"<br><br>. . .<br><br>"Between April 5, 2023, and December 4, 2024, the www.roblox/ redeem webpage included a field for entering the | **Authentication (Fed. R. Evid. 901):** The screenshots in these paragraphs are not accompanied with any data or testimony identifying whose account is depicted, who captured them, when they were taken, why they were taken, what device they came from, where they were stored or any other identifying information which would explain how Mr. Jit has personal knowledge of what they are in order to authenticate them or establish any exception to the rule against hearsay. | *Duran*, 941 F.3d 435, 448 (10th Cir. 2019). Ms. Jit's "familiar[ity] with [Roblox's] products and services, as well as [Roblox's] user account creation process, user interface, and [Roblox's] Terms of Service... supports a finding that she has personal knowledge." *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025).<br><br>**Plaintiff's Hearsay Rule objection should be overruled**. Ms. Jit does not need to mechanically recite each factor of Rule 803(6) for the business records exception to apply. Ms. Jit has declared that she is familiar with Roblox's records, which she reviewed and are kept in the ordinary course of business. (Jit Supp. Decl. ¶5); *McGuire v. CarMax Bus. Servs.* LLC, No. 1:23-CV-02938-NYW-SBP, 2024 WL 3897073, at *14 (D. Colo. Aug. 16, 2024).<br><br>**Authentication** is not a high bar to meet and can be secured with testimony of a witness with knowledge. Ms. Jit | |

| | | | | |
|---|---|---|---|---|
| | user's Roblox Gift Card redemption code, a button that says "Redeem," and language alerting the user that redeeming a code requires acceptance of Roblox's Terms of Use, including an arbitration clause, by a person who is 18 years old. I attest that the below is a true and accurate screenshot of the aforementioned disclosure:" | | attested that the screenshot is "true and accurate." Fed. R. Evid. 901(b)(1). | |
| 13 | **Jit Decl., ¶ 24-25**: "These Roblox Gift Card redemptions could only have occurred | **Lack of Personal Knowledge (Fed. R. Evid. 602)**: Ms. Jit fails to provide any basis for her knowledge of what the Roblox Gift Card redemption process looked like at any point in time. She was not | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit explained the basis for her personal knowledge in ¶ 1 of her Declaration and ¶¶ 1-5 of her Supplemental Declaration. She has | Sustained: ________ Overruled: ________ ________ Judge |

| | | | | |
|---|---|---|---|---|
| | through the processes described above in Paragraphs 21-23." | present for the transactions and did not observe the purchase flow on the relevant devices. Nor are there any such records attached to the declaration, such as, *e.g.*, like, for example, historical purchase screens which confirm (1) the terms were displayed to a user of the N.G. affiliated account while redeeming; (2) that a user interacted with those terms; or (3) that acceptance was technically required to redeem the gift card. | worked at Roblox for over three years, and as part of her role, she "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. ¶ 1. The Tenth Circuit has consistently held that "The foundational requirement for personal knowledge 'is not difficult to meet.'" *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). Ms. Jit's "familiar[ity] with [Roblox's] products and services, as well as [Roblox's] user account creation process, user interface, and [Roblox's] Terms of Service... supports a finding that she has personal knowledge." *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025). | |
| 14 | **Jit Decl. ¶ 26**: "By way of example, the Account redeemed a Roblox Gift Card on December 25, 2022, | **Lack of Personal Knowledge (Fed. R. Evid. 602)**: Ms. Jit fails to provide any basis for her knowledge of what the Roblox Gift Card redemption process looked like at any point in time. She was not | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit explained the basis for her personal knowledge in ¶ 1 of her Declaration. She has worked at Roblox for over three years, and as | Sustained: ________ Overruled: ________ ________ Judge |

| | | | | |
|---|---|---|---|---|
| | which was purchased from Seven Eleven. When redeeming a Roblox Gift Card from Seven Eleven on this specific date, a user would have encountered the screen shown in Paragraph 22. In addition, the back of the Roblox Gift Card included language alerting the user that "[t]o redeem this card and use Roblox credits, you must have Internet access, register for a Roblox account, and accept the Roblox Terms of Use." I attest that the below is a true and | present for the transaction and did not observe the purchase flow as rendered on the relevant device. Nor are there any such records attached to the declaration, such as, *e.g.,* historical purchase screens which confirm (1) the terms were displayed to a user of the N.G. affiliated account while redeeming; (2) that a user interacted with those terms; or (3) that acceptance was technically required to redeem the gift card.<br><br>Furthermore, Ms. Jit fails to explain the basis for her knowledge of what the back of any Seven Eleven gift card looked like, let alone the one that was allegedly redeemed by a user of the N.G affiliated Account on December 25, 2022.<br><br>**Authentication (Fed. R. Evid. 901) / Relevance (Fed. R. Evid. 401)**: Ms. Jit attests that the embedded screenshot depicts the back of a Roblox Gift Card purchased at Seven Eleven. Nothing in the image identifies it as such. The embedded | part of her role, she "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. ¶ 1. The Tenth Circuit has consistently held that "[t]he foundational requirement for personal knowledge 'is not difficult to meet.'" *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). Ms. Jit's "familiar[ity] with [Roblox's] products and services, as well as [Roblox's] user account creation process, user interface, and [Roblox's] Terms of Service... supports a finding that she has personal knowledge." *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025).<br><br>**Plaintiff's Authentication Objection Fails**. "The burden to authenticate 'is not high—only a prima facie showing is required, and a district court's role is to serve as gatekeeper in assessing whether the proponent has offered a | |

| | | | | |
|---|---|---|---|---|
| | accurate screenshot of the aforementioned disclosure on the back of a Roblox Gift Card purchased from Seven Eleven:" | image is a generic gift card design template. It shows a "NO VALUE UNTIL ACTIVATED AT REGISTER" banner and bears a "© 2022 Roblox Corporation" copyright notice. It is plainly not a photograph of the actual physical Seven Eleven gift card a user of the N.G. affiliated Account allegedly redeemed on December 25, 2022.<br><br>Ms. Jit does not state how she obtained the template, whether the actual card sold at Seven Eleven on or around the redemption date bore identical text, or how she knows the back-of-card language being quoted was even printed on the specific card the user actually purchased. | satisfactory foundation from which the jury could reasonably find that the evidence is authentic.'" *People v. Glover*, 2015 COA 16, ¶ 13, 363 P.3d 736, 740. Ms. Jit's testimony that the disclosure is true and accurate is enough. Fed. R. Evid. 901(b)(1).<br><br>**Plaintiff's relevance objection also fails.** First, the standard for relevance is liberal. Second, the provision of the Seven Eleven gift card image provides the court with a basis for making an inference about the gift card redemption and acceptance process. *United States v. Lee-Clark,* 258 F. App'x 208, 213 (10th Cir. 2007). Third, Ms. Jit also provides sufficient information to support that the Seven Eleven image represents the gift cards Roblox deployed at Seven Eleven in 2022. | |
| 15 | **Jit Decl. ¶ 27**: "As another example, the Account redeemed a Roblox Gift Card on | **Lack of Personal Knowledge (Fed. R. Evid. 602)**: Ms. Jit fails to provide any basis for her knowledge of what the Roblox Gift Card redemption process looked like at any point | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit explained the basis for her personal knowledge in ¶ 1 of her Declaration and ¶¶ 1-5 of her Supplemental | Sustained: ________<br><br>Overruled: ________<br><br>________ |

| | | | | |
|---|---|---|---|---|
| | May 3, 2023, which was purchased from Blackhawk.<br><br>When redeeming a Roblox Gift Card from Blackhawk on this specific date, a user would have encountered the screen shown in Paragraph 23. In addition, the back of the Roblox Gift Card included language alerting the user that "[t]o redeem this card and use Roblox credits, you must have Internet access, register for a Roblox account, and accept the Roblox Terms of Use." I | in time. She was not present for the transaction and did not observe the purchase flow as rendered on the relevant device. Nor are there any such records attached to the declaration, such as, *e.g.*, historical purchase screens which confirm (1) the terms were displayed to a user of the N.G. affiliated account while redeeming; (2) that a user interacted with those terms; or (3) that acceptance was technically required to redeem the gift card.<br><br>Furthermore, Ms. Jit fails to explain the basis for her knowledge of what the back of any Blackhawk gift card looked like, let alone the one that was allegedly redeemed by a user of the N.G. affiliated Account on May 3, 2023.<br><br>**Authentication (Fed. R. Evid. 901) / Relevance (Fed. R. Evid. 401)**: Ms. Jit attests that the embedded screenshot depicts the back of a Roblox Gift Card purchased at Blackhawk. Nothing in the image identifies it as such. The embedded | Declaration. She has worked at Roblox for over three years, and as part of her role, she "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. ¶ 1. The Tenth Circuit has consistently held that "[t]he foundational requirement for personal knowledge 'is not difficult to meet.'" *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). Ms. Jit's "familiar[ity] with [Roblox's] products and services, as well as [Roblox's] user account creation process, user interface, and [Roblox's] Terms of Service... supports a finding that she has personal knowledge." *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025).<br><br>**Plaintiff's Authentication Objection Fails**. "The burden to authenticate 'is not high—only a prima facie showing is required, and a district court's role is to serve as | Judge |

| | | | | |
|---|---|---|---|---|
| | attest that the below is a true and accurate screenshot of the aforementioned disclosure on the back of a Roblox Gift Card purchased from Blackhawk:" | image is a generic gift card design template. It bears a "© 2022 Roblox Corporation" copyright notice. It is plainly not a photograph of the actual physical Blackhawk gift card a user of the N.G. affiliated Account allegedly redeemed on May 3, 2023.<br><br>Ms. Jit does not state how she obtained the template, whether the actual card sold at Blackhawk on or around the redemption date bore identical text, or how she knows the back-of-card language being quoted was even printed on the specific card the user actually purchased. | gatekeeper in assessing whether the proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic.'" *People v. Glover*, 2015 COA 16, ¶ 13, 363 P.3d 736, 740. Ms. Jit's testimony that the disclosure is true and accurate is enough. Fed. R. Evid. 901(b)(1).<br><br>**Plaintiff's relevance objection also fails**. First, the standard for relevance is liberal. Second, the provision of the Backhawk gift card image provides the court with a basis for making an inference about the gift card redemption and acceptance process. *United States v. Lee-Clark,* 258 F. App'x 208, 213 (10th Cir. 2007). Third, Ms. Jit also provides sufficient information to support that the Blackhawk image represents the gift cards Roblox deployed at Blackhawk in 2022. | |
| 16 | **Jit Decl. ¶ 28**: "By way of further example, the Account redeemed Roblox Gift | **Lack of Personal Knowledge (Fed. R. Evid. 602)**: Ms. Jit fails to provide any basis for her knowledge of what the Roblox Gift Card redemption process | **Plaintiff's personal knowledge objection should be overruled**. Ms. Jit explained the basis for her personal knowledge in ¶ 1 of her Declaration and ¶¶ 1-5 | Sustained: ________<br><br>Overruled: ________ |

| | | | | |
|---|---|---|---|---|
| | Cards on April 18, 2024, May 3, 2024, and May 21, 2024, which were obtained through the redemption of Microsoft Reward points. When redeeming Roblox Gift Cards on these dates, a user would have encountered the screen shown in Paragraph 23. In addition, the user would have encountered the following screen when redeeming their Microsoft Rewards points for Roblox Gift Cards on these dates, which includes language alerting the | looked like at any point in time. She was not present for the transactions and did not observe the purchase flow as rendered on the relevant device. Nor are there any such records attached to the declaration, such as, *e.g.*, historical purchase screens which confirm (1) the terms were displayed to a user of the N.G. affiliated account while redeeming; (2) that a user interacted with those terms; or (3) that acceptance was technically required to redeem the gift card.<br><br>Furthermore, Ms. Jit fails to explain the basis for her knowledge of what the Microsoft Rewards redemption webpage looked like at any time, let alone on April 18, 2024, May 3, 2024, and May 21, 2024.<br><br>**Authentication (Fed. R. Evid. 901) / Relevance (Fed. R. Evid. 401)**: Ms. Jit attests that the embedded screenshot depicts the Microsoft Rewards redemption webpage. Nothing in the image identifies it as such.<br>Ms. Jit does not state how she obtained this | of her Supplemental Declaration. She has worked at Roblox for over three years, and as part of her role, she "conduct[s] dispute related investigations" and is "familiar with the systems and records that… relate to Roblox account holders' records and account sign-in and sign-up flows." Jit Decl. ¶ 1. The Tenth Circuit has consistently held that "[t]he foundational requirement for personal knowledge 'is not difficult to meet.'" *United States v. Duran*, 941 F.3d 435, 448 (10th Cir. 2019). Ms. Jit's "familiar[ity] with [Roblox's] products and services, as well as [Roblox's] user account creation process, user interface, and [Roblox's] Terms of Service... supports a finding that she has personal knowledge." *Jovel v. TeamSnap, Inc.,* No. 1:24-CV-1906-CNS-TPO, 2025 WL 2161056, at *3 (D. Colo. July 30, 2025).<br><br>**Plaintiff's Authentication Objection Fails**. "The burden to authenticate 'is not high—only a prima facie showing is required, and a district | ________<br>Judge |

| | | | | |
|---|---|---|---|---|
| | user that "[t]o redeem this card and use Robux, you must have Internet access, register for a Roblox account, and accept the Roblox Terms of Use." I attest that the below is a true and accurate screenshot of the aforementioned disclosure on the Microsoft Rewards redemption webpage for a Roblox Gift Card:" | screen or how she knows the webpage being quoted displayed when the gift cards were redeemed. | court's role is to serve as gatekeeper in assessing whether the proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic.'" *People v. Glover*, 2015 COA 16, ¶ 13, 363 P.3d 736, 740. Ms. Jit's testimony that the disclosure is true and accurate is enough. Fed. R. Evid. 901(b)(1).<br><br>Finally, Plaintiff's relevance objection also fails. First, the standard for relevance is liberal. Second, the provision of the Microsoft Rewards webpage provides the court with a basis for making an inference about the gift card redemption and acceptance process. *United States v. Lee-Clark,* 258 F. App'x 208, 213 (10th Cir. 2007). Third, Ms. Jit also provides sufficient information to support that the webpage displayed when the gift cards were redeemed. | |

Dated:June 5, 2026

Respectfully submitted,

/s/ *David P. Fuad*
David P. Fuad

David P. Fuad
John P. Badalich
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue
Suite 2700
Los Angeles, CA 90071-1596
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
dfuad@orrick.com
jbadalich@orrick.com

*Attorneys for Defendant*
*Roblox Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2026, a true and correct copy of the foregoing document was e-filed and served through the CM/ECF system which will provide notice of the filing on all counsel of record in this case.

/s/ *David P. Fuad*
David P. Fuad